NOT FOR PUBLICATION                    (Document No. 41)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| VIRGINIA FORCHION, | : |
| Plaintiff, | : Civil No. 11-5837 (RBK/KMW) |
| v. | : **OPINION** |
| SEARS OUTLET STORES, LLC, and JOHN DOES | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

In this case, Plaintiff Virginia Forchion ("Plaintiff") asserts claims under the New Jersey

Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-1 et seq. ("NJLAD"), against her employer,

Defendant Sears Outlet Stores, LLC.  Currently before the Court is the Defendants' motion for

summary judgment.  (Doc. No. 41).  For the reasons stated herein, the Court will grant in part

and deny in part Sears' motion.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff began working for Sears in approximately April 2002, and is currently employed

by the company as a consultative sales associate.  (Def.'s Statement of Undisputed Material

---

[1] When considering a defendant's motion for summary judgment, the Court views the facts underlying the claims in the light most favorable to the plaintiff.  See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993).

Facts ("Def.'s SMF") ¶¶ 2-3.)  In that role, Plaintiff sells items to customers and provides other

sales assistance and service to customers.  (Id. ¶ 5.)

With regard to wages, Sears pays newly-hired sales associates $9.00 per hour for

approximately 60 days, which is Sears' typical training period.  (Id. ¶¶ 15-17.)  After this

training period ends, sales associates receive $4.50 per hour, plus commissions.  (Id. ¶ 18.)  Since

2008, Plaintiff has been paid a base hourly rate of $4.50 per hour, plus commissions, and a fixed

dollar amount for each protection agreement that she is able to sell.  (Id. ¶¶ 6-7.)

Although the record is quite thin, Plaintiff testified that as of 2010, at least one sales

associate, Brandon Handy, "a black guy," received the $9.00 per hour training rate after he had

completed the training period.  (Def.'s SMF ¶ 19; see also Deposition of Virginia Forchion

("Pl.'s Dep.") 48:7-8.)  Additionally, Plaintiff heard rumors that two other associates named

Lance, "a white guy," and Avery, "a black guy," also received the $9.00 rate after they had

finished their training.  (Id. ¶ 20; see also Pl.'s Dep. 48:5-10.)  However, Plaintiff also testified

that after Sears became aware of this discrepancy, Sears reduced the hourly rate of at least one

associate from $9.00 per hour to $4.50 per hour.  (Id. ¶ 21; see also Pl.'s Dep. 50:6-19.)  She

assumed, but had no idea whether the other two employees' wages were reduced.  (Pl.'s Dep.

75:24-76:11.)

That same year, Plaintiff avers that Sears promoted a young, white male—Mr. Bradley

Stonehouse—to Lead Sales Associate without "posting, or otherwise informing [ ] department

employees, that [this position] . . . was available."  (Certification of Virginia Forchion

("Forchion Certif.") ¶ 3.)  When Mr. Stonehouse was appointed Lead Sales Associate, Plaintiff

"had more seniority than anyone else in the department, was familiar with the duties of the lead

sales associate, and was just as qualified, if not more so, than anyone else to fill that position.

[Indeed, m]any of the duties [Plaintiff] was already performing overlapped with those of the lead sales associate."  (Id. ¶ 4.)

Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Camden County, on August 25, 2011.  (Doc. No. 1, Notice of Removal.)  Sears received a copy of the Complaint and Summons on September 7, 2011, and removed this case exactly thirty (30) days later, invoking this Court's jurisdiction under 28 U.S.C. § 1332.[2]  (Id.)

On December 2, 2013, Sears filed its motion for summary judgment.  (Doc. No. 41.)  As this motion is fully briefed, the Court now turns to the merits of Plaintiff's claims.

## II.    LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.

---

[2] Plaintiff is a citizen of New Jersey and Sears is a citizen of Delaware and Illinois.  (Doc. No. 1, Notice of Removal ¶¶ 4-6.)

3

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x. 353, 354 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.  Credibility determinations are the province of the fact finder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.    DISCUSSION

After clarification by way of Plaintiff's opposition to Sears' motion for summary judgment, it is the Court's understanding that Plaintiff seeks relief under the NJLAD based on two separate theories of liability:  failure to promote and gender-based wage discrimination.

First, Plaintiff claims that Sears discriminated against her by failing to promote her into a supervisory position, promoting a younger, white male instead.  Second, Plaintiff contends that Sears discriminated against her by paying her less than male employees.[3]

---

[3] In Plaintiff's Complaint, there are some vague statements that appear to allege general claims of age, gender, and race discrimination, which are unrelated to Plaintiff's failure to promote and gender-based wage discrimination

The Court will consider each claim in turn.[4]

## A. Failure to Promote

The New Jersey Law Against Discrimination ("NJLAD") prohibits an employer from

discriminating in the "terms conditions, or privileges of employment" on the basis of a person's

age, race, or gender. N.J. Stat. Ann. § 10:5-12(a). The contours of an NJLAD discrimination

claim are strongly informed, though not inexorably resolved, by reference to federal substantive

and procedural rules in the Title VII context. Hernandez v. Fed. Express, No. 06-4745, 2008 WL

163642, at *3 (D.N.J. Jan. 16, 2008) (citing Gerety v. Atlantic City Hilton Casino Resort, 877

A.2d 1233, 1237 (N.J. 2005)); accord Bergen Comm. Bank v. Sisler, 723 A.2d 944, 954 (N.J.

1999) ("To the extent the federal standards are 'useful and fair,' they will be applied in the

---

claims. However, Plaintiff does not oppose Sears' motion as to these claims or even reference them in her opposition. (See generally Pl.'s Opp'n Br.) Accordingly, to the extent Plaintiff intended to pursue these claims, she fails to point to any evidence in the record that would create a genuine issue of material fact sufficient to survive Sears' motion for summary judgment. The same can also be said for Plaintiff's "claim" for punitive damages. (See Compl. Count Two.) By failing to oppose or even discuss this "claim" in her opposition, Plaintiff again fails to point to any evidence in the record that would support a finding that Sears' conduct was "especially egregious" such that punitive damages were warranted. (See generally Pl.'s Opp'n Br.) Accordingly Sears' motion as to Plaintiff's claim for punitive damages, and her purported claims for age, gender, and race discrimination, will be granted. See Daughtry v. Family Dollar Stores, Inc., No. 09-5111, 2011 WL 601270, at *8 (D.N.J. Aug.5, 2011) (granting defendant summary judgment on NJLAD claim because plaintiff failed to respond to defendant's argument and thus waived claim) (citing Player v. Motiva Enters. LLC, 240 F. App'x 513, 522 n.4 (3d Cir. 2007)); cf. Skirpan v. Pinnacle Health Hosps., No. 07-1730, 2010 WL 3632536, at *6 (M.D. Pa. Apr. 21, 2010) (concluding that "[w]here a plaintiff has brought a cause of action which is challenged through [a] motion for summary judgment as legally insufficient, it is incumbent upon the plaintiff to affirmatively respond to the merits of a summary judgment motion" and noting that "a Plaintiff's failure to respond to arguments raised on summary judgment effectively constitutes an abandonment of these causes of action and essentially acts as a waiver of these issues.").

[4] Plaintiff also alleges that certain "John Does . . . participated in or otherwise bear responsibility for the wrongs alleged [in the Complaint]." (Compl. ¶ 3.) The Court presumes that these "John Does" are Sears employees. "Although '[u]se of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified,' these parties must be dismissed if such discovery does not reveal their proper identities." Cordial v. Atl. City, No. 11-1457, 2014 WL 1095584, at *3 (D.N.J. Mar. 19, 2014), recons. den., 11-1457, 2014 WL 2451137 (D.N.J. June 2, 2014) (citing Blakeslee v. Clinton Cnty., 336 F. App'x 248, 250 (3d Cir. 2009) (affirming district court's sua sponte dismissal of fictitious parties that were not identified after discovery)). "This may be done upon motion of a party or the Court." Id. (citing Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")). Here, Plaintiff has failed to amend her Complaint or otherwise identify any of these fictitious defendants despite the fact that discovery has now closed. Thus, these parties shall be dismissed.

interest of achieving uniformity in the discrimination laws.")  Accordingly, these claims are analyzed under the burden-shifting approach set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  Under the <u>McDonnell Douglas</u> framework, the plaintiff "bears the initial burden of establishing a prima facie case by a preponderance of the evidence."  <u>Sarullo v. U.S. Postal Serv.</u>, 352 F.3d 789, 797 (3d Cir. 2003) (citation omitted).  To establish a prima facie case of discrimination in connection with failure to promote, a plaintiff must prove that (1) she was in a protected class, (2) she was qualified for the job to which she applied; and (3) another, not in the protected class, was treated more favorably.  <u>Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.</u>, 470 F.3d 535, 539 (3d Cir. 2006) (citing <u>McDonnell Douglas</u>, 411 U.S. at 802-03).

With respect to the third element of this test—that another, not in the protected class, was treated more favorably—a plaintiff must show that she was at least equally qualified to the person who obtained the desired position.  <u>See</u> <u>Gilmore v. Macys Retail Holdings, Inc.</u>, 385 F. App'x 233, 237 (3d Cir. 2010) (finding the plaintiff "was required to establish a prima facie case by evidence, among other things, that the person who filled the desired position had equivalent or lesser qualifications"); <u>see also</u> <u>Rogers v. Alt. Res. Corp.</u>, 440 F. Supp. 2d 366, 371 (D.N.J. 2006) ("[i]n order to establish a prima facie case in a failure to promote claim, the plaintiff must prove by a preponderance that . . . nonmembers of his protected class were treated more favorably-alternatively stated, that the promotion went to someone with equal or lesser qualifications who was not in the protected class"); <u>Pinckney v. Northampton Cnty.</u>, 512 F. Supp. 989, 998 (E.D. Pa. 1981), <u>aff'd</u>, 671 F.2d 808 (3d Cir. 1982) (a plaintiff must "demonstrate that she was as qualified as the promoted person").

After all, if an applicant is objectively more qualified for a given position, the employer does not treat him "more favorably" vis-à-vis the discriminated plaintiff by awarding him or her the desired position.  See Rogers, 440 F. Supp. 2d at 371 (explaining that the "equal or lesser qualifications" requirement is really part of the "treated more favorably" test).  Rather, where one applicant is objectively more qualified, the employer treats each of them as favorably as should be expected, given the superior qualifications of one applicant over another.

"After an employee has established a prima facie case, this creates a presumption of discriminatory intent by the defendant-employer."  Stewart v. Rutgers, The State Univ., 120 F.3d 426, 432 (3d Cir. 1997) (citation omitted) (explaining the McDonnell Douglas framework in the context of a § 1983 claim).  "The burden then shifts to the defendant to produce evidence that the adverse employment action was taken 'for a legitimate, nondiscriminatory reason.'"  Id. (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981)).  "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection, which would support a jury finding that unlawful discrimination was not the cause of the adverse employment action."  Id. (internal quotation marks and citations omitted).  "If the defendant's evidence creates a genuine issue of fact, the presumption of discrimination drops from the case."  Id. (citing Burdine, 450 U.S. at 260 (noting that "the defendant bears only the burden of explaining clearly the nondiscriminatory reasons for its actions")).  "The burden then falls upon the plaintiff to prove that the 'employer's proffered reason [for the employment action] was not the true reason for the . . . decision,' but was instead pretextual."  Id. (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 508 (1993)).

In order to demonstrate pretext, the employee must show that her employer's proffered "reason was false, and that discrimination was the real reason."  Hicks, 509 U.S. at 535.  It is

7

insufficient for a plaintiff to show that an adverse employment decision was merely "wrong or mistaken."  Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (citations omitted).  Instead, she must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the reasons articulated by the employer that a jury could reasonably "find them 'unworthy of credence.'"  Id.  (internal citations omitted).

Here, Sears argues that Plaintiff fails to establish her prima facie case.  According to Sears, not only did Plaintiff fail to apply for any promotion at Sears, but she never expressed any interest to anyone at Sears in doing so.  (Def.'s Br. 10.)  Sears also contends that Plaintiff has not set forth any evidence that she was qualified for a supervisory position; indeed, she only argues that she was employed at Sears longer and should have had seniority.  (Id. at 11.)

Plaintiff responds that Sears hired Mr. Stonehouse for the sales supervisor position rather than Plaintiff even though she had "more seniority than anyone else in the department, was familiar with the duties of the lead sales associate, and was just as qualified, if not more so, than anyone else to fill that position."  (Pl.'s Opp'n Br. 3; Forchion Certif. ¶ 4.)  Additionally, Plaintiff contends that Sears hired Mr. Stonehouse without posting or otherwise informing department employees that this supervisory job was available; thus, Mr. Stonehouse was hired in the absence of a competitive application procedure.  (Forchion Certif. ¶¶ 3, 5-6.)

As to Plaintiff's prima facie case, it is undisputed that Sears never posted the "Lead Sales Associate" position, nor did it create any corresponding job description.  As such, there is no means by which the Court could decide, as a matter of law, that Plaintiff was not qualified for this position, or that she was not at least equally as qualified as Mr. Stonehouse.  See Hertzog v. City of Watertown, No. 07-213, 2007 WL 5514740, at *3 (W.D. Wis. Sept. 6 2007) (denying both parties' motions for summary judgment because no job description or written qualifications

existed which precluded a summary judgment finding as to qualifications and pretext).  As

Plaintiff has satisfied the other elements of a prima facie case of discrimination—she is in a

protected class—the Court must find that Plaintiff has established a prima facie case with respect

to this position

Moving on to whether Sears' explanation for Mr. Stonehouse's promotion was

pretextual, the Court notes that Sears fails to provide any explanation as to why Mr. Stonehouse

was chosen to serve as Lead Sales Associate.  Instead, Sears merely argues that it has fulfilled its

burden under the second prong of the McDonnell Douglas analysis by demonstrating "that its

inability to consider Plaintiff for a promotion was based on Plaintiff's failure to apply or

otherwise alert Sears that she was interested in a promotion."  (Def.'s Reply Br. 8.)  As discussed

above, however, Plaintiff has stated a prima facie case.  Thus, in the absence of any information

in the record as to why Mr. Stonehouse was chosen for this supervisory position, rather than

Plaintiff, the Court cannot conclude that Sears satisfied its burden of stating a legitimate

nondiscriminatory reason for its actions.

Accordingly, Sears' motion for summary judgment on Plaintiff's failure to promote claim

will be denied.

### B.  Wage Discrimination

A plaintiff may prove her gender-based wage discrimination claim under the NJLAD by

showing that the defendant violated the Equal Pay Act, 29 U.S.C. §§206 et seq. ("EPA"), or that

the defendant intentionally discriminated against the plaintiff.  Dubowsky v. Stern, Lavinthal,

Norgaard & Daly, 922 F. Supp. 985, 996 (D.N.J. 1996) (citing Grigoletti v. Ortho

Pharmaceutical Corp., 118 N.J. 89, 109-10, 570 A.2d 903 (N.J. 1990)).

Under the EPA, a plaintiff establishes "a prima facie case by demonstrating that employees of the opposite sex were paid differently for performing 'equal work'—work of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citation omitted).[5]

Sears argues that Plaintiff's wage discrimination claim must fail because she has failed to show that Sears paid employees unequal wages based upon their respective genders. Sears points out that Plaintiff admitted that the hourly rate of the three employees identified by Plaintiff was reduced to the correct rate of $4.50 per hour plus commissions after Plaintiff brought this discrepancy to Sears' attention. (Def.'s Br. 13 (citing Def.'s SMF ¶ 21[6]).) According to Sears, because Plaintiff's own testimony demonstrates that any payment of wages at the training rate beyond the training time period was inadvertent, and that Sears had not intended to pay this training rate beyond the training time period, there is no evidence of wage discrimination and Plaintiff's claim fails.[7]  (Id.)

---

[5] Sears also argues that to the extent Plaintiff's wage discrimination claim is based on her age or race, it must also fail. The Court notes, however, that Plaintiff clarified her wage-discrimination claim as one based on gender. (See Pl.'s Opp'n Br. 4-5.)  Accordingly, the Court need not consider this aspect of Sears' motion.

[6] Plaintiff denies this portion of Sears' Rule 56.1 Statement

[7] Sears also argues that Plaintiff further testified that the Store Manager told her that Sears was going to seek to recoup the additional monies from the sales associates who had been paid more than $4.50 per hour. (Id. at 14 (citing Def.'s SMF ¶ 23.)  Plaintiff responds, however, that the Store Manager's comments are hearsay and there is nothing in the record to indicate that Sears actually recouped these funds. Sears then responds that this evidence is not offered for the truth of the matter asserted, but "in any event, the testimony would fall within an exception to the rule against hearsay." (Def.'s Response to Pl.'s Response ¶ 23.)

Hearsay is an out of court statement that is offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Such a statement is inadmissible, unless it falls under a recognized exception to the prohibition against hearsay. Fed. R. Evid. 802. Inadmissible hearsay should not be considered during summary judgment. Smith v. City of Allentown, 589 F.3d 684, 693 (3d Cir. 2009). However, if the statement is capable of being admissible at trial, despite it currently being in an inadmissible form, the statement may be considered for purposes of deciding a motion for summary judgment. Howley v. Experian Info. Solutions, Inc., 813 F. Supp. 2d 629, 637 (D.N.J. 2011) (citing Petruzzi's, 998 F.2d at 1235 n.9; J.F. Freeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524 (3d Cir. 1990) (citing Williams v. Borough of W. Chester, 891 F.2d 458, 465-66 n.12 (3d Cir. 1989)). In order to be considered for summary judgment, the proponent of the alleged hearsay must respond to the hearsay objection by demonstrating that the statement will either be admissible at trial as an exception to hearsay or that the statement is not hearsay.

Plaintiff argues that it is "undisputed that some of [her] male co-workers received wages of $9.[00] per hour after they had finished their training period, at which time their wages should have dropped to $4.50 an hour plus commission." (Pl.'s Opp'n Br. 4.)  Thus, in Plaintiff's view, "there was clearly unequal pay between males and females." (Id. at 5.)  Additionally, although certain of Plaintiff's deposition testimony seems to indicate that all three employees' wages were adjusted to the proper rate of $4.50 plus commissions, Plaintiff points to another portion of her testimony in which she states that although she was certain this occurred for one employee, she could not be certain about the other two and just assumed that their wages had been corrected. (Pl.'s Response 21 (citing Pl.'s Dep. 75:24-76:11).)

It is Sears' burden to show that there are no material facts in dispute such that summary judgment is warranted.  Based on Plaintiff's deposition testimony, however, it appears that that burden has not been met.  To be sure, while portions of Plaintiff's testimony indicate that Sears reduced the wages of at least one male employee who was being paid the training rate beyond the training time period, (see Pl.'s Dep. 50:6-19 (stating that although Mr. Handy was receiving $9 plus commission after he was finished with his training period, "[o]nce Angel talked to Randy," Mr. Handy started getting $4.50 an hour), Plaintiff also testified that she was not sure whether the other two male employees had their wages adjusted to reflect the proper hourly rate, (see id. 75:24-76:11).

---

Bouriez v. Carnegie Mellon Univ., No. 02-2104, 2005 WL 2106582, *5 (W.D. Pa. Aug. 26, 2005) (citation omitted).  This rule requires the proponent to demonstrate that there is more than a "mere possibility that the evidence will be admissible at trial." Id. (citation omitted).  This may be demonstrated by the proponent showing some likelihood that the declarant will appear and testify at trial. Howley, 813 F. Supp. 2d at 637.

Here, Sears' conclusory assertion that Plaintiff's testimony as to the Store Manager's statements "would fall within an exception to the rule against hearsay" is plainly insufficient.  Further, although Sears contends that this evidence is not offered for the truth of the matter asserted, the Court can see no other reason as to why this evidence would be offered if not to support Sears' claim that its payment of excess wages to male employees was an error, rather than a consequence of gender discrimination, and thus it intended to recoup any erroneous overpayment.  Accordingly, the Court declines to consider the Store Manager's statements.

The Court notes that although the parties had ample time during discovery to develop the record of this case, Sears has submitted no additional evidence to demonstrate the pay rates of these other male employees.  Rather, Sears only submits Plaintiff's deposition testimony, an associate handbook, and hearing transcript from a proceeding before Magistrate Judge Williams in support of its motion, and relies chiefly on Plaintiff's deposition testimony in arguing that summary judgment is proper as to this claim.  It is not lost on the Court that Sears could have submitted payroll records, affidavits from Sears' employees, or any other evidence to demonstrate that Sears' overpayment of certain of its male employees was due to error rather than Sears' alleged discriminatory animus.  Perhaps there is no such evidence.

Regardless, it will be for the jury to evaluate Plaintiff's credibility and her claims, and Sears will have the opportunity to question Plaintiff about her testimony and clarify the inconsistencies presented therein.  Accordingly, the Court will deny Sears' motion on this claim as well.

## IV.    CONCLUSION

For the reasons stated above, Sears' motion will be denied as to Plaintiff's failure to promote and gender-based discrimination claims, and will be granted as to Plaintiff's claim for punitive damages.  Further, all John Doe parties will be dismissed from this action.  An appropriate Order shall issue today.


Dated: 8/27/2014                                          s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge